STATE ex rel. PAYNE, Plaintiff, v. ANDERSON, Defendant.

(176 N. W. 741.)

(File No. 4686.   Opinion filed March 2, 1920.)

1.  **Justices of the Peace—County Justices, Elected by County at**
    **Large—Election by Districts—Statute, Old, New, Code Pro-**
    **visions, Construed.**

    Where code commission re Rev. Code 1919, omitted therefrom
    Sec. 960, Pol. Code 1903, providing for election of four justices
    of the peace at large in each county, etc., and so modified the
    provisions of Sec. 961 as to provide (aside from cities and in-
    corporated towns) for one justice of the peace in each organized
    civil township of the county (Rev. Code 1919, Sec. 5216), but
    that if a county is not organized into civil townships, or only
    partially so organized, providing for their election by districts
    of the part not organized into civil townships (Rev. Code 1919,
    Sec. 5217); held, the legislative intent was to discountenance
    elections of justices of the peace by electors of counties at large,
    and to provide for their election from and by electors of town-
    ships in counties having organized civil townships, and to pro-
    vide for their election from, and by electors of districts in the
    portion of, or in the whole of, a county not organized into
    civil townships.

2.  **Same—Terms of Office Under New Code, Co-extensive With**
    **Term—Statute Construed.**

    Under Sec. 10662, Rev. Code 1919, providing that except
    where a different intention clearly appears, public officers in
    office when this code takes effect shall continue in office until
    expiration of the term for which elected or appointed, unless
    sooner removed, etc., held, that defendant, elected a justice of
    the peace of the county at large under Sec. 960, Pol. Code 1903,
    for a term of two years from January, 1919, at the general
    election of 1918, is entitled to continue performance of his
    official duties until expiration of the term for which he was
    elected (unless sooner removed as provided by law), there be-
    ing no other provision of the Code from which a different legis-
    lative intention plainly appears.

3.  **Offices—Right to Continue Duties, Implying Continuance of**
    **Office—Exception.**

    The right to continue in office necessarily implies continuance
    of the office during that term, except for purpose of a subse-
    quent election.

4.  **Statutes—Offices—Holdover Code Provisions, Not Unusual—Sta-**
    **tutes.**

    The provisions of Sec. 10662, Rev. Code 1919, concerning
    tenure of office of officers after Code takes effect, are not new
    nor unusual in such connection; a similar provision being con-

tained in Laws 1903, Ch. 199, Sec. 3, relating to effect of Rev. Code 1903, and in Sec. 12 General Repealing Act at end .of Rev. Code 1877.    Again: under laws 1898, Ch. 37, Art. 1, Sec. 4, terms of office of municipal officers in cities organized under Laws 1887, Ch. 73, expired on first Monday in May 1890.

5.    **Justices of the Peace—Holdover Tenure Under New Code—Transfer of Proceedings to County Officers, Whether Statute Applicable.**

Sec. 10663, Rev. Code 1919, providing for transfer of proceedings pending before any court, tribunal, etc., when Rev. Code 1919 takes effect, does not apply to a justice of the peace elected at general election 1918, for term of two years; since under Sec. 10662, his incumbency of office continues until expiration of said term (unless sooner removed as provided by law.

Original proceeding in the matter of quo warranto by the State of South Dakota, on the relation of Byron S. Payne, Attorney General, against Charles H. Anderson, to oust defendant from the office of justice of the peace.    Upon demurrer to the complaint.    Demurrer sustained.

*Byron S. Payne,* Attorney General, and *V. R. Sickel,* Assistant Attorney General, for Plaintiff.

*D. W. March,* for Defendant.

(1)    To point one of the opinion, Plaintiff cited:    State v. Tillotson (Okla.), 143 Pac. 200; State v. White (Utah), reported in 126 Pac. 330.

(2)    To point two, Plaintiff cited:    State v. Howell, 72 Pac. 187.

GATES, J.    Prior to July 1, 1919, the date fixed for the taking effect of the Revised Code, there was a provision of law for the election of four justices of the peace elected at large in each county (section 960, Pol. Code 1903), except as modified by section 961 of said code.    This provision for justices of the peace was in addition to the provision for a justice of the peace in each organized civil township of a county, to the provision for justices of the peace in the general law for incorporated towns, and to the provisions for city justice and police justice in the general law for cities and the general law for cities under commission and in cities under special territorial charter.

[1]    The Code Commission omitted said section 960 from the Revision of 1919 and so modified the terms of said section

961 that under the Revised Code there is provision (aside from cities and incorporated towns) for one justice of the peace in every organized civil township of a county (Rev. Code 1919, § 5216); but, if a county is not organized into civil townships, or only partially so organized, provision is made for the election of justices of the peace by districts of the part not organized into civil townships (Rev. Code 1919, § 5217). The apparent legislative intent was to discontinue the election of justices of the peace by the electors of the counties at large; to provide for their election from and by the electors of townships in counties having organized civil townships; and to provide for their · election from and by the electors of districts in the portion of or in the whole of a county not organized into civil townships. The defendant was elected justice of the peace of Hughes county under the provisions of section 960, Pol. Code 1903, at the general election of 1918 for the term of two years from January, 1919.

This is an original proceeding in the nature. of quo warranto brought by the state on the relation of the Attorney General to oust defendant from the exercise of said office upon the ground that said office ceased to exist on and after July 1, 1919. The defendant interposed a general demurrer to the complaint.

In addition to briefs filed by the parties, letters and briefs by several state's attorneys are filed as amici curiæ.

Upon the supposition that the office of justice of the peace elected by the electors of a county at large is a constitutional office under the provisions of ·Const. art. 5, § 1, it is asserted that the Legislature had no right to abolish the office. The Attorney General assails this position vigorously. 4 A. L. R., recently received, contains an exhaustive brief on this subject at page 205. It is further asserted that the officer still continues to be a de facto officer. It is further asserted that no office has been abolished, but that, however elected and from whatsoever territory elected, a justice of the peace is still a justice of the peace.

[2, 3] Section 10662, Rev. Code 1919, provides:

"*Term of Public Officers.*—Except where a different intention plainly appears, the public officers in office when this

code takes effect shall continue in office until the expiration of the term for which they were elected or appointed, unless sooner removed as provided by law."

It is clear to us that my reason of this provision the defendant has the right to continue in the performance of the duties of his office until the expiration of the term for which he was elected (unless sooner removed as provided by law), unless there is some other provision of the code from which a different legislative intention plainly appears. The right to continue in office necessarily implies the continuance of the office during that term except for the purpose of a subsequent election.

[4] The provisions of said section are not new nor unusual in the adoption of codes and revisions. A similar provision was contained in section 3, c. 199, Laws 1903, with reference to the effect of the Revised Code of 1903, and in section 12 of the General Repealing Act at the end of the Revised Code of 1877.

An instance of plain legislative intention to end the terms of office of then existing municipal officers is found in section 4, art. 1, c. 37, Laws 1890, which act went into effect March 6, 1890, and the terms of office of all municipal officers in cities organized under chapter 73, Laws 1887, expired on the first Monday in May, 1890.

[1] We have sought diligently, but in vain, for any provision in the new code which betrays a legislative intent that defendant shall be deprived of his office until the expiration of his term.

It therefore becomes unnecessary to consider the constitutional question. It may never arise.

[5] In conclusion we may observe that section 10663, Rev. Code. 1919, does not apply, because by the express terms of section 10662 the defendant still continues to "have jurisdiction" during the term for which he was elected.

The demurrer to the complaint is sustained.